# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re:　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
KIEFER, GLORIA　　　　　　　　　§　　Case No. 10-48966
　　　　　　　　　　　　　　　　　　§
　　　　　　　Debtor(s)　　　　　　§

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter　　of the United States Bankruptcy Code was filed on 　　. The undersigned trustee was appointed on　　　　.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of　　　　　　$

　　　Funds were disbursed in the following amounts:

　　　Payments made under an interim disbursement
　　　Administrative expenses
　　　Bank service fees
　　　Other payments to creditors
　　　Non-estate funds paid to 3rd Parties
　　　Exemptions paid to the debtor
　　　Other payments to the debtor

　　　Leaving a balance on hand of[1]　　　$

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Phillip D. Levey_____
                                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-48966 | JPC | Judge: JACQUELINE P. COX | | Trustee Name: | Phillip D. Levey |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | KIEFER, GLORIA | | | | Date Filed (f) or Converted (c): | 10/30/10 (f) |
| | | | | | 341(a) Meeting Date: | 12/20/10 |
| For Period Ending: | 01/18/15 | | | | Claims Bar Date: | 05/24/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1225 Carswell Ave., Elk Grove Village, IL | 230,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 2. Cash | 50.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 3. Checking/savings account at Harris Bank | 500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. Household goods | 2,000.00 | 0.00 | | 0.00 | FA |
| 5. Books & Pictures | 500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. Clothing | 2,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. Watch and custome jewerly | 400.00 | 0.00 | | 0.00 | FA |
| 8. Term life ins. policy with Security Life of Denver | 33.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 9. Divorce decree child support arrears $60,000.00+ | 40,000.00 | 0.00 | | 0.00 | FA |
| 10. Current child support | 800.00 | 0.00 | | 0.00 | FA |
| 11. Personal injury suit-Kiefer v. Ashvi Patel, et al. | 100,000.00 | 83,950.00 | | 100,000.00 | FA |
| 12. 1998 Lincoln | 2,000.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $378,283.00 | $83,950.00 | | $100,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | |
|---|---|
| Case No: 10-48966   JPC   Judge: JACQUELINE P. COX | Trustee Name:   Phillip D. Levey |
| Case Name: KIEFER, GLORIA | Date Filed (f) or Converted (c):   10/30/10 (f) |
| | 341(a) Meeting Date:   12/20/10 |
| | Claims Bar Date:   05/24/11 |

Preparation of Trustee's Final Report.

Initial Projected Date of Final Report (TFR): 12/15/13    Current Projected Date of Final Report (TFR): 11/30/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 10-48966 -JPC | | Trustee Name: | Phillip D. Levey |
| Case Name: | KIEFER, GLORIA | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******4995 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8180 | | | |
| For Period Ending: | 01/18/15 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/17/14 | 11 | Vrdolyak Law Group, LLC | SETTLEMENT | | 35,032.90 | | 35,032.90 |
| | | VRDOLYAK LAW GROUP, LLC | Memo Amount: 100,000.00 | 1142-000 | | | |
| | | | SETTLEMENT | | | | |
| | | KIEFER, GLORIA | Memo Amount: ( 16,050.00 ) | 8100-000 | | | |
| | | | Debtor's Exemption | | | | |
| | | | Trustee's Special Counsel, Vrdolyak Law Group, Ltd., made an aunauthorized distribution to the debtor in the sum of 24,967.10 instead of her scheduled claim of exemption of 16,050.00. Subsequently, Vrdolyak Law Group, Ltd. agreed to reduce the amount of its claim for special counsel fees by the sum of 8,917.00 to compensate the estate for the over payment to the debtor and the Court approved the compromise. | | | | |
| | | MEDICARE | Memo Amount: ( 15,747.52 ) | 4220-000 | | | |
| | | | Statutory Lien Claim | | | | |
| | | AMERICAN FAMILY INSURANCE | Memo Amount: ( 3,333.34 ) | 4220-000 | | | |
| | | | Med-Pay Lien | | | | |
| | | ADVANCED ORTHO | Memo Amount: ( 13,906.62 ) | 4220-000 | | | |
| | | | Medical Provider Lien | | | | |
| | | UNITED REHAB PROVIDERS | Memo Amount: ( 1,604.14 ) | 4220-000 | | | |
| | | | Medical Provider Lien | | | | |
| | | ADVANCED PHYS. MEDICINE | Memo Amount: ( 2,776.43 ) | 4220-000 | | | |
| | | | Medical Povider Lien | | | | |
| | | ATHENOS MEDICAL | Memo Amount: ( 2,631.95 ) | 4220-000 | | | |
| | | | Medicla Provider Lien | | | | |
| | | KIEFER, GLORIA | Memo Amount: ( 8,917.10 ) | 8100-000 | | | |
| | | | Unauthorized Distribution | | | | |
| | | | Unauthorized distribution to debtor by Trustee's Special Counsel, Vrdolyak Law Group, Ltd., made | | | | |

Page Subtotals 35,032.90 0.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2
Exhibit B

| Case No: | 10-48966 -JPC | | Trustee Name: | Phillip D. Levey |
|---|---|---|---|---|
| Case Name: | KIEFER, GLORIA | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******4995 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8180 | | | |
| For Period Ending: | 01/18/15 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | without consulting Trustee. Ultimately, Trustee's Special Counsel's compensation was reduced by 8,917.10 to reimburse the estate for the unauthorized distribution. | | | | |
| 02/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.19 | 35,007.71 |
| 03/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 47.00 | 34,960.71 |
| 04/01/14 | 010001 | International Sureties, Ltd. 701 Poydras Street - Suite 420 New Orleans, LA 70139 | TRUSTEE'S BOND | 2300-000 | | 8.44 | 34,952.27 |
| 04/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 51.98 | 34,900.29 |
| 04/23/14 | 010002 | The Vrdolyak Law Group, LLC 741 North Dearborn Street Chicago, IL 60654 | Special Counsel Fees Attorney fees per Order dated April 2, 2014. | 3210-600 | | 24,416.23 | 10,484.06 |
| 04/23/14 | 010003 | The Vrdolyak Law Group, LLC 741 North Dearborn Street Chicago, IL 60654 | Attorney Expenses Reimbursement of costs advanced per Order dated April 2, 2014. | 3220-610 | | 1,669.57 | 8,814.49 |
| 05/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 50.22 | 8,764.27 |
| 06/06/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 14.29 | 8,749.98 |
| 07/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.59 | 8,737.39 |
| 08/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.99 | 8,724.40 |
| 09/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.97 | 8,711.43 |
| 10/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.53 | 8,698.90 |
| 11/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.93 | 8,685.97 |
| 12/05/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.50 | 8,673.47 |
| 01/08/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.89 | 8,660.58 |

Page Subtotals        0.00        26,372.32

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 3
Exhibit B

| Case No: | 10-48966 -JPC | | Trustee Name: | Phillip D. Levey |
|---|---|---|---|---|
| Case Name: | KIEFER, GLORIA | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******4995 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8180 | | | |
| For Period Ending: | 01/18/15 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Memo Allocation Receipts: | 100,000.00 | COLUMN TOTALS | | 35,032.90 | 26,372.32 | 8,660.58 |
| | Memo Allocation Disbursements: | 64,967.10 | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 35,032.90 | 26,372.32 | |
| | Memo Allocation Net: | 35,032.90 | Less: Payments to Debtors | | | 0.00 | |
| | | | Net | | 35,032.90 | 26,372.32 | |
| | | | | | | NET | ACCOUNT |
| | Total Allocation Receipts: | 100,000.00 | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| | Total Allocation Disbursements: | 64,967.10 | Checking Account (Non-Interest Earn - *******4995 | | 35,032.90 | 26,372.32 | 8,660.58 |
| | | | | | ---------------------- | ---------------------- | ---------------------- |
| | Total Memo Allocation Net: | 35,032.90 | | | 35,032.90 | 26,372.32 | 8,660.58 |
| | | | | | ============ | ============ | ============ |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     0.00     0.00

| Page 1 | | EXHIBIT C  ANALYSIS OF CLAIMS REGISTER | | | | Date: January 18, 2015 |

Case Number: 10-48966  
Debtor Name: KIEFER, GLORIA  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2100-00 | Phillip D. Levey | Administrative | | $4,125.00 | $0.00 | $4,125.00 |
| 001 2200-00 | Phillip D. Levey | Administrative | | $47.56 | $0.00 | $47.56 |
| 001 3110-00 | Phillip D. Levey | Administrative | | $2,673.00 | $0.00 | $2,673.00 |
| 000001 070 7100-00 | Discover Bank  DB Servicing Corporation  PO Box 3025  New Albany, OH 43054-3025 | Unsecured | | $6,246.58 | $0.00 | $6,246.58 |
| 000002 070 7100-00 | Chase Bank USA,N.A  c/o Creditors Bankruptcy Service  P O Box 740933  Dallas,Tx 75374 | Unsecured | | $548.98 | $0.00 | $548.98 |
| | Case Totals: | | | $13,641.12 | $0.00 | $13,641.12 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-48966
Case Name: KIEFER, GLORIA
Trustee Name: Phillip D. Levey

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Chase Bank USA,N.A | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE